**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THELMA JEAN NELMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02056-SHL-cgc |
| | ) | |
| STATE FARM FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND**
**DISMISSING COMPLAINT WITHOUT PREJUDICE**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), filed April 24, 2025.  (ECF No. 11.)  In the R&R, the Magistrate Judge recommends that the Court dismiss pro se Plaintiff Thelma Jean Nelms's complaint with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and pursuant to the Court's inherent power to control its docket.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Nelms's deadline to object to the R&R was May 8, 2025, and no objections were filed.

Here, as the R&R explained, Defendant State Farm Fire & Casualty & Company filed a Motion to Dismiss on January 24, 2025, and Nelms never responded to it.  On March 5, 2025, Magistrate Judge Claxton entered an Order to Show Cause, in which she gave Nelms fourteen days to demonstrate "why the Court should not consider the Motion on the record before it and file a Report and Recommendation recommending that the District Court enter an Order granting the Motion."  (ECF No. 9 at PageID 30.)  Magistrate Judge Claxton also warned Nelms that **"FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION FOR DISMISSAL OF THIS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE."**  (Id. at PageID 31.)  Nelms did not respond to the Order to Show Cause,[1] and Magistrate Judge Claxton entered the R&R recommending dismissal.

The R&R included no clear errors in its analysis of the factors courts generally evaluate in determining whether to dismiss a complaint for failure to prosecute.  (See ECF No. 11 at PageID 35–36.)  Given the foregoing, the case is appropriately subject to dismissal.

Dismissals under Rule 41(b) for failure to prosecute or to comply with the Federal Rules or a court order "operate[] as an adjudication on the merits," "[u]nless the dismissal order states otherwise."  Here, the Court finds it appropriate to dismiss the matter without prejudice. Therefore, the Court **ADOPTS IN PART** the Magistrate Judge's R&R and **DISMISSES** the complaint **WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 16th day of May, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[1]On April 14, attorney Andrew W. Shorten filed a "Notice of Limited Appearance" on Nelms' behalf, "for the sole purposes of responding to this Court's Order to Show Cause[.]" (ECF No. 10.)  Shorten has not filed anything else in this matter.